UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60814-CIV-COHN/SELTZER

GRACE & NAEEM UDDIN, INC., a Florida
corporation,

    Plaintiff,

v.

NORTH BROWARD HOSPITAL DISTRICT,
an agency of the State of Florida,

    Defendant.
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment [DE 39] ("Motion"). The Court has considered the Motion, Plaintiff's Opposition [DE 43], and Defendant's Reply [DE 46], and is otherwise advised in the premises.

### I. BACKGROUND

On November 10, 2011, Defendant North Broward Hospital District commenced a bidding process for a construction contract (the "Contract") on a "Sports Medicine and Center of Excellence" project at the Broward General Medical Center. See DE 1-3 at 1; DE 1 ¶ 7. Plaintiff Grace & Naeem Uddin, Inc., alleges that it timely submitted a bid for the Contract in the amount of $6,316,973. DE 1 ¶¶ 9, 11. Another construction firm, Turner Construction, Inc., ("Turner") submitted a bid for $7,388,650. Id. ¶ 13. Plaintiff was the lowest bidder, while Turner was the second-lowest. Id. ¶¶ 12–13. On February 6, 2012, however, Defendant informed Plaintiff of an intention to award the Contract to Turner. DE 1 ¶ 27; DE 1-6 at 2. Plaintiff protested Defendant's decision.

DE 1 ¶ 29.  Defendant rejected Plaintiff's protest, and stated that Turner was "determined to be the lowest responsive and responsible (or qualified) bidder[]."  DE 1 ¶ 30.

On April 8, 2013, Plaintiff filed this lawsuit asserting a single cause of action pursuant to 42 U.S.C. § 1983, alleging that Defendant deprived Plaintiff of a property interest the Contract without due process of law.  Plaintiff argues that Florida's competitive bidding statute, Florida Statutes section 255.20(1)(d)(1), mandated that Defendant award the Contract to the lowest qualified and responsive bidder.  Plaintiff claims that it was the low bidder, that it was qualified, and that it was responsive.  Therefore, Plaintiff contends, Defendant lacked authority to give the Contract to Turner.  In the instant Motion, Defendant seeks summary judgment, arguing that its discretion in determining whether Plaintiff was a qualified bidder prevents Plaintiff from asserting a property interest in the Contract.  Plaintiff opposes the Motion, arguing that Defendant determined that it was a qualified bidder, and thus had no discretion to award the Contract to anyone but Plaintiff.

## II.   DISCUSSION

### A. Legal Standard

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy

this burden, the movant must point out to the Court that "there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had the opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker, 911 F.2d at 1577. If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249–50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a

3

genuine issue for trial." Id. at 249.  In making this determination, the Court must discern which issues are material: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.  In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### B. Analysis

Defendant seeks summary judgment on Plaintiff's claim for deprivation of property, contending that Plaintiff did not have a property interest in the Contract of which it could be deprived.  Defendant argues that it had wide discretion in determining who was a qualified bidder for the Contract, thus Plaintiff could not acquire a legal entitlement to the Contract to support a property interest, despite Plaintiff's submission of the lowest bid.  Plaintiff, however, has produced evidence that Defendant determined Plaintiff to be a qualified bidder.  Plaintiff argues that, though Defendant had discretion to determine who was a qualified bidder, its discretion ended once it made that determination.  Plaintiff contends that because it was the lowest qualified bidder, section 255.20 gave it a legal entitlement to the Contract.  For the reasons discussed herein, the Court finds Plaintiff's argument persuasive and supported by evidence sufficient to defeat Defendant's motion for summary judgment.

A party bringing suit upon an alleged deprivation of a property interest must have a "legitimate claim of entitlement" to the benefit in which it claims an interest.  Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).  This claim of entitlement is analyzed by reference to state law.  Mackenzie v. City of Rockledge, 920 F.2d 1554, 1559 (11th Cir.

4

1991). Florida law provides that a claim of legal entitlement may arise by operation of statute. Key W. Harbor Dev. Corp. v. City of Key West, 987 F.2d 723, 727 (11th Cir. 1993). In the context of competitive bidding statutes, courts have generally found that a bidder has a legal entitlement to a contract "only if the bidding procedures are sufficiently explicit and the decisionmaker's discretion is sufficiently limited to entitle the bidder to receive the contract if it satisfies a certain set of conditions." City-Wide Asphalt Paving, Inc. v. Alamance Cnty., No. 96-66, 1996 U.S. Dist. LEXIS 14428, at *7 (M.D.N.C. Aug. 12, 1996) (citing, e.g., Pataula Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1242–43 (11th Cir. 1992); Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth., 933 F.2d 853, 858 (10th Cir. 1991)). Therefore, whether Plaintiff can assert a legal entitlement to the Contract depends in large part upon the degree of discretion Defendant could exercise in determining to whom it would award the Contract.

Defendant does not dispute Plaintiff's contention that section 255.20 required it to award the Contract to the lowest qualified and responsive bidder. Instead, Defendant argues that it had broad discretion to determine who was a qualified bidder, and that this discretion precluded Plaintiff from becoming entitled to an award of the Contract at any time. DE 39 at 5–9 (citing T & A Utils. v. City of Panama City, No. 96-97, 1997 U.S. Dist. LEXIS 4121 (N.D. Fla. Jan. 22, 1997) (rejecting entitlement to contract where city had discretion in determining whether bidder was qualified or responsive)). Moreover, Defendant contends that it exercised this discretion to determine that Plaintiff was not a qualified bidder, and rejected Plaintiff's bid on that basis. Id.

5

Plaintiff, however, has provided evidence that Defendant *did* find Plaintiff to be the lowest qualified bidder, rendering the breadth of Defendant's discretion in reaching that conclusion irrelevant. Section 255.20(1)(d)(1) compels the award of a competitively bid contract to the lowest qualified bidder. Fla. Stat. § 255.20(1)(d)(1). After Defendant determines which bidders are "qualified," Defendant's discretion comes to an end, and it must award the contract to the lowest among those bidders. Id.; City of Sweetwater v. Solo Constr. Corp., 823 So. 2d 798, 801–03 (Fla. 3d DCA 2002).[1]

Defendant's Procurement Officer and Director of Materials (DE 45-3 at 6:7–8) testified that Defendant determined Plaintiff to be a qualified bidder for the Contract relating to the "Sports Medicine and Center of Excellence" project. Id. at 63:2–6. Once Defendant had determined Plaintiff to be qualified, Plaintiff, as the lowest bidder, would have a clear legal entitlement to the Contract under section 255.20(1)(d)(1), and Defendant would have no discretion to award the Contract to any other bidder. See City of Sweetwater, 823 So. 2d at 801 (once city identifies lowest responsive qualified bidder, it is unable to award contract to different bidder and lowest bidder has "clear

---

[1] The Court acknowledges that Defendant may reject all bids and re-bid a project even after the lowest qualified bidder is identified. See Fla. Stat. § 255.20(1)(d)(1). A legal entitlement arising out of statute may only exist where the statute compels a particular outcome. Behrens v. Regier, 422 F.3d 1255, 1261–62 (11th Cir. 2005) (citing Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)). Because Defendant had the option to reject all bids, even after identifying Plaintiff as the lowest qualified bidder, the statute at issue would not seem to require the award of the Contract to Plaintiff such as would create a legal entitlement. Nevertheless, the Eleventh Circuit has addressed this particular circumstance and has held that "the power to reject 'any and all bids' . . . does not preclude [a] claim to a constitutionally protected property interest" in the award of a competitively bid contract. Pataula Elec. Membership Corp., 951 F.2d at 1243–44. The Court, following the precedent set forth in Pataula, therefore finds that Defendant's option to reject all bids does not preclude Plaintiff from asserting a property interest in the award of the Contract.

6

legal right" to contract).[2]  Plaintiff's legal entitlement could in turn support a property interest in the Contract sufficient to state a section 1983 claim for deprivation of property.  See Pataula Elec. Membership Corp., 951 F.2d at 1242–43 (reversing dismissal of section 1983 claim where government did not award contract to "lowest responsible bidder" as required by statute).

Defendant disputes that it ever found Plaintiff a qualified bidder.  DE 40 ¶¶ 12–29, 37.  On a motion for summary judgment, however, the Court views the evidence in the light most favorable to the non-moving party—here, Plaintiff.  See Davis, 451 F.3d at 763.  Plaintiff has provided evidence that Defendant found it qualified.  See DE 45-3 at 63:2–6.  Construing the evidence and the inferences drawn therefrom in

---

[2] The parties' submissions do not resolve whether Plaintiff's bid also satisfied the "responsive" criterion of section 255.20(1)(d)(1).  Section 255.20(1)(d)(1) requires the award of a contract to the "lowest qualified and responsive bidder."  "Responsiveness" in this context relates to whether a bid "conforms in all material respects to the solicitation."  Am. Eng'g & Dev. Corp. v. Town of Highland Beach, 20 So. 3d 1000, 1001 (Fla. 4th DCA 2009).

Defendant states in passing that Plaintiff was not a responsive bidder.  DE 39 at 5.  Defendant also represents in its Statement of Undisputed Material Facts that Plaintiff's bid package was incomplete.  DE 40 ¶ 20.  Defendant, however, does not address head-on whether it ever determined that Plaintiff's bid was unresponsive, or relied upon unresponsiveness as a basis for rejecting the bid.  Defendant affirmatively represents that a determination that Plaintiff was not a "qualified" bidder—not that Plaintiff was unresponsive—led it to reject Plaintiff's bid.  DE 39 at 7, 9.  Defendant has further muddied the water on this issue by conflating Plaintiff's qualification or responsibility with responsiveness by using the terms "qualification," "responsibility," and "responsiveness" interchangeably.  See, e.g., DE 46 at 3 n.2 (citing to Statement of Material Facts passages relating to Plaintiff's "responsibility" to support contention that Plaintiff was not "responsive" bidder).

Plaintiff, for its part, has provided evidence suggesting that its bid package was responsive.  DE 45-1 ¶ 6 & ex. B.  Given the conflicting evidence on this point, and that the parties' papers mainly address whether and how Defendant determined that Plaintiff was a "qualified" bidder, the Court finds that Defendant has not established for summary-judgment purposes that it found Plaintiff "unresponsive" such that Plaintiff had no property interest the Contract.  See Anderson, 477 U.S. at 257.

7

a light most favorable to Plaintiff, the Court finds that an issue of material fact with respect to whether Plaintiff was indeed found qualified—and thus could have a property interest in the Contract as the lowest bidder—precludes a grant of summary judgment in Defendant's favor.

### III. CONCLUSION

In sum, Florida Statutes section 255.20 compelled Defendant to award the Contract to the lowest qualified bidder. Defendant may have had discretion in determining who was a qualified bidder, but once that determination was made, its discretion came to an end. Because Plaintiff has provided evidence that it was found to be a qualified bidder, and that it submitted the lowest bid, it has established an issue of material fact regarding its legal entitlement to the Contract to support a claim under 42 U.S.C. § 1983 for deprivation of property without due process. It is accordingly

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 39] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of November, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF