UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60814-CIV-COHN/SELTZER

GRACE & NAEEM UDDIN, INC., a Florida
corporation,

    Plaintiff,

v.

NORTH BROWARD HOSPITAL DISTRICT,
an agency of the State of Florida,

    Defendant.
_____/

## ORDER GRANTING MOTION IN LIMINE AND DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion *In Limine* [DE 48] ("Motion *In Limine*") and Defendant's Motion for Reconsideration, or, Alternatively, Motion to Continue Trial and to Permit Supplemental Briefing About the Court's Subject Matter Jurisdiction [DE 49] ("Reconsideration Motion"). At calendar call, the Court announced its rulings on the motions and stated its reasons on the record. To ensure that these rulings are clear to the parties, the Court briefly addresses each of the motions in this Order.

**I. BACKGROUND**

On April 8, 2013, Plaintiff filed this lawsuit asserting a single cause of action pursuant to 42 U.S.C. § 1983, alleging that Defendant deprived Plaintiff of a property interest in a competitively bid contract (the "Contract") without due process of law. Plaintiff argues that Florida's competitive bidding statute, Florida Statutes section 255.20(1)(d)(1), mandated that Defendant award the Contract to the lowest

qualified and responsive bidder.  Plaintiff claims that it was the low bidder, that it was qualified, and that it was responsive.  Therefore, Plaintiff contends, Defendant lacked authority to give the Contract to another bidder, and unlawfully deprived Plaintiff of a property interest in so doing.

## II. DISCUSSION

### A. Plaintiff's Motion *In Limine* [DE 48]

Plaintiff moves to exclude evidence of its project history that was not considered by Defendant in the course of Defendant's bidding process for the Contract.  Plaintiff contends that this suit concerns whether Defendant abused its discretion in awarding the Contract to someone other than Plaintiff, thus only the information possessed by Defendant during the bidding process is relevant to the issues herein.  Moreover, evidence of Plaintiff's project history beyond that considered by Defendant may cause prejudice and confusion of the jury.  The Court finds Plaintiff's arguments persuasive, and agrees that any small relevance of information not possessed by Defendant during the bidding process is outweighed by the confusion and prejudice such information could cause.  The Court therefore will grant the Motion *In Limine* pursuant to Rules 402 and 403 of the Federal Rules of Evidence, and will exclude evidence of Plaintiff's project history other than the project history considered by Defendant prior to awarding the Contract to another bidder.

### B. Defendant's Reconsideration Motion [DE 49]

In its Reconsideration Motion, Defendant requests that the Court reconsider its November 19, 2013, Order denying Defendant's Motion for Summary Judgment.  See DE 49 at 1–2.  Defendant alternatively seeks a continuance of trial to allow further

briefing on the Court's subject matter jurisdiction over this action.  Id. at 3–4.  The Court will deny Defendant's motion.

### 1. Reconsideration

First, Defendant seeks reconsideration of the Court's denial of its Motion for Summary Judgment.  In that Motion, Defendant argued that its discretion in determining who was a qualified bidder for the Contract precluded the existence of any actionable property interest of Plaintiff.  See DE 39.  The Court denied summary judgment, finding that an issue of material fact existed with regard to whether Defendant had determined Plaintiff to be a qualified bidder; once that determination was complete, Defendant would have no discretion to award the Contract to anyone but the lowest bidder, and Plaintiff as the lowest bidder could have a property interest in the Contract.  See DE 47.  In so finding, the Court relied upon the deposition testimony of Defendant's Procurement Officer and Director of Materials (the "Officer"), who testified that Defendant had determined Plaintiff to be the lowest qualified bidder.  Id. at 6.

Defendant now argues that the Officer's testimony is not "binding" on Defendant because the Officer was not a "decisionmaker" for Defendant (DE 49 at 2), nor was he Defendant's 30(b)(6) representative (id. at 6).  Defendant alternatively asserts that the Officer's testimony was a "misstatement or misquote" that cannot create an issue of material fact.  Id. at 7.  Defendant has supplied a declaration by the Officer to that effect, and states that the Officer is willing to sit for a second deposition to correct his prior remarks.  DE 49 at 12 n.2; DE 49-2.

The Court finds Defendant's arguments unavailing.  The Officer is an individual with first-hand knowledge of Defendant's bidding process for the Contract (see DE 57 at 7–8), and as such may serve as a competent witness with regard to what occurred

3

during that process.  Moreover, Defendant cannot write unfavorable testimony out of the record through the use of supplemental declarations and depositions.  To the extent Defendant feels that the Officer's unfavorable testimony is not probative, it is free to make its case at trial.  The Court therefore declines to alter its holding with regard to its prior Order denying summary judgment.

### 2. Continuance for Briefing of Jurisdictional Issues

Defendant also requests that, in the event the Court does not reconsider its decision on summary judgment, the Court should continue trial in this action for briefing on additional issues implicating subject matter jurisdiction.  The Court declines to grant a continuance of trial and will deny this prong of Defendant's Reconsideration Motion.

Although the deadline for dispositive motions in this action has long passed (see DE 36), Defendant now asserts novel arguments that the action should be dismissed because the Court lacks subject matter jurisdiction.  DE 49 at 15–17.  Defendant contends that a property interest arising out of state law such as Florida's competitive bidding statute cannot provide a basis for a substantive due process claim, and that a procedural due process claim requires a plaintiff to establish that state law provides no adequate post-deprivation remedy.  Id. (citing Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996)).  Defendant argues that because Plaintiff may have been able to seek redress for its injuries in state court, it has failed to state a procedural due process violation, and the action should be dismissed for lack of jurisdiction.  Id.

First, Defendant's attempt to raise dispositive issues of law is untimely as presented after the deadline for dispositive motions in this action.  See DE 36.  The Court is mindful that a defect in its subject matter jurisdiction may be raised at any time. See Global Aero, Inc. v. Platinum Jet Mgmt., LLC, No. 09-60756, 2011 U.S. Dist. LEXIS

4

57416, at *2–3 (S.D. Fla. May 23, 2011).  Nevertheless, Defendant's arguments do not appear to raise a jurisdictional defect.  Where a plaintiff fails to establish that state law provides no adequate remedy for a procedural due process violation, this failure may be a defect in the merits of the claim, but not a jurisdictional one.  See Horton v. Bd. of Cnty. Comm'rs, 202 F.3d 1297, 1300–02 (11th Cir. 2000).  Therefore, even if Plaintiff could seek relief in state court on the wrongs alleged herein, the failure to establish that such relief was unavailable should not deprive this Court of jurisdiction to resolve whether a procedural due process violation occurred.  Similarly, Defendant's argument regarding the lack of a cognizable substantive due process right would appear to go to the merits of the case, and not the Court's jurisdiction.  See T & A Utils. v. City of Panama City, No. 96-97, 1997 U.S. Dist. LEXIS 4121, at *13–14 (N.D. Fla. Jan. 22, 1997) (dismissing substantive due process claim on merits where no property interest existed).  The Court will accordingly deny that prong of Defendant's motion seeking a continuance of trial for briefing of jurisdictional issues.

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion *In Limine* [DE 48] is **GRANTED**; and

(2) Defendant's Motion for Reconsideration, or, Alternatively, Motion to Continue Trial and to Permit Supplemental Briefing About the Court's Subject Matter Jurisdiction [DE 49] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of December, 2013.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF